

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2008

# Bah v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3812

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bah v. Atty Gen USA" (2008). *2008 Decisions.* Paper 802.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/802

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3812

OUSMANE LAMARANA BAH,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A98 278 974
Immigration Judge: Henry S. Dogin

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 23, 2008

Before: AMBRO, FISHER and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 24, 2008)

OPINION

PER CURIAM

Ousmane Lamarana Bah petitions for review of an order of the Board of

Immigration Appeals (Board or BIA), which denied his application for relief from

removal. We will deny the petition.

Bah is a native and citizen of the Republic of Guinea. He entered the United States in 2003 and made an affirmative asylum application soon thereafter. The application was denied, and Bah was placed in removal proceedings for overstaying his visa. Bah renewed his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT).[1]

Bah sought relief based on problems he and his father experienced due to their political involvement.[2] Bah testified that he joined the UNR political party, an opposition party that his father belonged to, in 1992. A.R. 169. When the party no longer existed, he and his father joined the UFR party in 2000. A.R. 169-70. Bah worked in the party at the grass roots level, distributing membership cards and holding youth meetings. A.R. 170. In 2003, an international conference for democracy had been planned to be held at a large hotel. On June 8th of that year, the Guinean president was scheduled to arrive with a delegation at the airport for the conference. Opposition political parties gathered at the airport to meet the president, but the Government broke up the crowd and arrested hundreds of people. A.R. 172-74; A.R. 96. Bah fled and stayed with two friends

---

[1] Although Bah's brief sets forth the requisite standard for obtaining relief under the CAT, Bah did not contest the denial of relief under the CAT in his appeal to the Board. We thus lack jurisdiction to consider the denial of CAT relief. 8 U.S.C. § 1252(d)(1) [Immigration and Nationality Act (INA) § 242(d)(1)]; see also Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005).

[2] Bah's brief does not mention the Immigration Judge's (IJ's) rejection of his claim based on membership in a particular social group; i.e., his family. App. at 15-15A (A.R. 98-99). Accordingly, the claim has been waived. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

for two days. A.R. 174-75. He returned home on the third day, and was arrested because of his involvement in the events at the airport. He was beaten and tortured during a confinement of almost a month. A.R. 175-76. He was released when his wife paid some money. A.R. 177. He went to a hospital, got a prescription, and left, but he continues to feel pain in his left shoulder and his back. A.R. 193-94.

Bah also submitted an affidavit from his mother, describing problems her husband had due to his political involvement, and stating that her son (Bah) "was arrested also in June 2003, at the international airport of Conakry Gbessia after participating at a manifestation . . . ." A.R. 487. The translation of the affidavit states that Bah was "locked" at the Conakry precinct for 27 days, and that "[w]e paid money to have him freed, because of his wife that was mentally inapt [sic]." A.R. 487.

The IJ denied relief based on an adverse credibility finding, citing differences between Bah's testimony and his mother's affidavit (where he was arrested and who paid to have him released); and also because Bah failed to meet his burden of proof by adequately corroborating his claims. The Board dismissed Bah's appeal, finding no clear error in the IJ's adverse credibility finding. App. at 3-4 (A.R. 2-3). The Board also found no error in the IJ's decision that Bah should have provided corroboration of his claims from his wife and his political party. Id.[3]

_____

[3] The BIA did not agree, however, that the IJ should have required that Bah provide corroboration from the two friends with whom he hid, as the IJ did not ascertain that such corroboration was readily available. A.R. 3.

3

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F. 3d 215, 222 (3d Cir. 2004). Our standard of review is narrow. We must sustain the Board's removal order if there is substantial evidence in the record to support it. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001).

Although an applicant's credible testimony may be sufficient to sustain his burden of proof without corroboration, the IJ may nonetheless require corroboration when the applicant is "reasonably expected" to do so. Dia v. Ashcroft, 353 F.3d 228, 253 (3d Cir. 2003) (en banc). In deciding whether the IJ reasonably required corroborating evidence, this Court employs a three-part inquiry: "(1) an identification of facts for which it is reasonable to expect corroboration; (2) an inquiry as to whether the applicant has provided information corroborating those facts; and, if he or she has not, (3) an analysis of whether an applicant has adequately explained why s/he was unable to do so." Mulanga v. Ashcroft, 349 F.3d 123, 134 (3d Cir. 2003) (internal quotation omitted). Pursuant to 8 U.S.C. § 1252(b)(4) [INA § 242(b)(4)], "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."

4

Bah's asylum claim was based on the events of June 2003. Bah testified that his wife was home when he was arrested, and his wife paid money to have him released from prison. A.R. 184. When asked when he was last in contact with his wife, Bah stated that "she wrote me a letter but regularly we speak over the phone." A.R. 177. Because Bah's wife was the only witness to his arrest, and was involved in paying for his release, it was reasonable for the IJ to expect corroboration from Bah's wife. Bah's only explanation for failing to produce an affidavit from his wife is that he was not asked to produce one. A.R. 189. The record does not compel a finding that corroboration from Bah's wife would be unavailable.

Similarly, the IJ expected corroboration from Bah's political party. Bah testified that his party was aware of his arrest and mistreatment. A.R. 190. Bah produced a certificate attesting to his membership in the party, A.R. 235; and he testified that if the party had been asked, it would have sent corroboration regarding his arrest and detention. A.R. 190. Under these circumstances, it was reasonable for the IJ to expect corroboration from the political party.

Given Bah's failure to provide sufficient corroborating evidence, we find that the BIA's holding that he failed to meet his burden of proof is supported by substantial evidence.[4] For the reasons given, we will deny the petition for review.[5]

---

[4] We thus need not discuss the Board's alternative holding that Bah's testimony was not credible.

[5] Bah's motion for a stay of removal is denied as moot.